IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW OLDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-12-1265 |
| | § | |
| MARMAXX OPERATING CORP. | § | |
| *and* STANLEY WORKS, INC., | § | |
| n/k/a STANLEY BLACK & | § | |
| DECKER, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Marmaxx Operating Corp.'s Motion for Summary Judgment (Document No. 16). Having considered the motion and the applicable law, the Court determines that the motion should be granted.

### I. BACKGROUND

*A.  General Background*

This case arises from an injury sustained by Plaintiff Matthew Olds ("Olds") from allegedly malfunctioning automatic entry doors that are maintained by Defendant Stanley Works, Inc. n/k/a Stanley Black & Decker, Inc. ("Stanley") and situated on property owned and operated by Defendant Marmaxx Operating Corp. ("Marmaxx" and together with Stanley, "Defendants"). While entering Marmaxx's

store, doing business as Marshall's, Olds claims the automatic doors malfunctioned and closed suddenly on his hand and foot.

On February 23, 2012, Olds filed suit against Defendants in the 151st Judicial District of Harris County, Texas, alleging that negligence by each Defendant led to his injury. Specifically, Olds claims that Marmaxx had a duty to inspect and warn customers about or cure any unreasonable risk of harm on the premises and that Marmaxx breached that duty because it knew or should have known of the dangerous condition created by the malfunctioning automatic doors and failed to repair them. On April 20, 2012, Defendants removed the action to this Court under 28 U.S.C. § 1446 based on diversity jurisdiction.

B. *The Parties' Contentions*

Olds alleges the automatic doors were a dangerous condition that Marmaxx knew or should have known about because they were malfunctioning. However, Marmaxx states that no problems with the automatic doors were reported and no injuries were reported to on-site employees or management the day of the injury. Additionally, in his deposition, Olds stated that the doors appeared to be operating normally when he left the store and that no one was working to repair the doors.[1]

---

[1] *Defendant's Motion for Summary Judgment*, Document No. 16, Exhibit A at 7 (*Oral Deposition of Matthew Olds* at 40).

Olds also stated that he had previously entered and exited the store through the same automatic doors multiple times without incident.[2] According to Marmaxx's motion, Olds has no information showing any other incident occurred involving the entry doors because no such information exists.

C.  *The Pending Motion*

On March 29, 2013, Defendant Marmaxx filed a motion for summary judgment, arguing that Olds's claims against the company should be dismissed because Olds did not meet his burden to produce evidence demonstrating that Marmaxx had actual or constructive knowledge of the alleged condition on its property, a necessary component of a premises liability claim. Olds did not file a response to Marmaxx's motion. Rather, on April 24, 2013, Olds filed a motion for additional time to file a response to Marmaxx's motion for summary judgment, requesting an extension of time until July 12, 2013.[3] On May 16, 2013, the Court issued an order granting in part and denying in part the motion, ordering Olds to file a response by May 24, 2013.[4] However, the Court ordered response date, as well as Olds's requested extension date, has now passed, and no response has been filed.

---

[2] *Defendant's Motion for Summary Judgment*, Document No. 16, Exhibit A at 5 (*Oral Deposition of Matthew Olds* at 14).

[3] *Plaintiff's Opposed Motion for Extension of Time for Plaintiff to File Response to Defendant Marmaxx Operating Corp.'s Motion for Summary Judgment*, Document No. 17.

[4] *Order* dated May 16, 2013, Document No. 19.

3

Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4. For the reasons provided below, the Court finds summary judgment is warranted.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See* FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kansas City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

## III. LAW & ANALYSIS

It is undisputed that Texas substantive law applies in this action. *See Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). To determine Texas law, the Court must "look to the final decisions of [Texas's] highest court." *Id.* (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003)).

*A.   Premises Liability Law in Texas*

The Texas Supreme Court has said that an action is a premises liability action rather than a negligence action when the plaintiff is "injured by a condition of the premises . . . rather than a negligently conducted activity." *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992)). A premises liability cause of action "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). While on the owner's property, the owner is not an insurer of a patron's safety. *Wal-Mart v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). However, "a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners*, 307 S.W.3d at 767.

6

To prevail on a premises liability claim in Texas, a plaintiff must show "(1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner knew or reasonably should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of injury to the invitee." *Id.* at 776 (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)); *see also Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). The pending summary judgment motion focuses only on the second element of a premises liability action: whether Marmaxx knew or reasonably should have known about the allegedly dangerous condition created by the malfunctioning automatic entry doors.

B.  *Whether a Genuine Issue of Material Fact Exists that Marmaxx Knew or Reasonably Should Have Known of the Condition.*

For the second element of a premises liability claim to be met, the plaintiff must provide evidence demonstrating that the defendant had actual or constructive notice of the condition. *Reece*, 81 S.W.3d at 814 (citations omitted). To prove the defendant had notice, the plaintiff must show "[1] the defendant actually knew that the [dangerous condition] was [present], or [2] it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* (citations omitted).

7

> *1. Whether Olds Has Presented Evidence Showing that Marmaxx Had Actual Knowledge of the Condition on its Premises.*

A plaintiff can satisfy the second element of a premises liability claim by providing evidence that the defendant had actual knowledge of a dangerous condition. Even though "many building materials will, over time, deteriorate and require repair or replacement," installation of a structure on its own "does not necessarily mean that the owner or occupier has created a dangerous condition or that the owner has actual or constructive knowledge of a dangerous condition." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000) (holding that "[t]here is no evidence that the step and platform unit on which [the plaintiff] was injured was a dangerous condition from the inception of its use"). Additionally, a plaintiff can demonstrate knowledge by inference if "knowledge is uncontroverted;" however, if evidence of the defendant's knowledge is contested, a jury must find that knowledge existed. *Keetch*, 845 S.W.2d at 265.

Here, Marmaxx affirmatively states that it did not have knowledge of the condition, and the installation of automatic entry doors was not unreasonably dangerous. Having not responded to the motion for summary judgment, Olds has failed to put forth any evidence, direct or circumstantial, to the contrary. As such, no genuine issue of material fact is before the Court on this issue.

   *2. Whether Olds Has Presented Evidence Showing that Marmaxx Had Constructive Knowledge of the Condition on its Premises.*

The alternative way to show knowledge is to show that a defendant had constructive notice of a condition. For constructive notice to be present, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Reece*, 81 S.W.3d at 816. Further, "the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition," rather than showing "only the *possibility* that the dangerous condition existed long enough to give [the defendant] a reasonable opportunity to discover it." *Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

Olds did not meet his burden to provide evidence that might demonstrate how long the allegedly dangerous condition existed prior to his injury. Without "some proof of how long the hazard was there," Marmaxx cannot be considered to have had a reasonable opportunity to discover the condition. *See Reece*, 81 S.W.3d at 816. Additionally, Olds included a single conclusory statement in his pleadings related to Marmaxx's knowledge of the condition, stating that Marmaxx "knew or reasonably should have known of the condition of the premises because the danger was the main

automatic entry doors which were malfunctioning," but Olds does not provide any other evidence to support his contention.[5]

Marmaxx, however, states that it did not have constructive notice of a dangerous condition on its premises: 1) no injury was reported to Marmaxx employees or managers on the day of the incident; 2) no problems with the automatic entry doors were reported to Marmaxx employees or managers on the day of the incident; 3) there had not previously been any reports of injuries caused by the automatic doors; 4) there had not previously been any reports that the automatic entry doors were not functioning properly; and 5) the doors had not continuously failed to operate properly for a period of time prior to the incident with Olds.[6] Marmaxx provided the Court with evidence to support these contentions, including portions of Olds's deposition and an affidavit from Antonio Del'Angel, the manager on duty at the time of the incident.[7] Olds has failed to put forth any evidence to the contrary. Consequently, Olds did not meet his burden to provide evidence of Marmaxx's constructive knowledge of the condition and no genuine issue of material fact exists.

---

[5] *Defendants' Notice of Removal*, Document No. 1, Exhibit A at 5 (*Plaintiff Matthew Olds' Original Petition* at 4).

[6] *Defendant's Motion for Summary Judgment*, Document No. 16 at 9–11.

[7] *Defendant's Motion for Summary Judgment*, Document No. 16, Exhibit A (*Oral Deposition of Matthew Olds*); *Id.*, Exhibit C (*Affidavit of Antonio Del'Angel*).

Because Olds did not meet his burden to provide evidence demonstrating that Marmaxx had actual or constructive knowledge of an allegedly dangerous condition on its premises, there exists no genuine dispute of material fact that Marmaxx did not know or that Marmaxx reasonably should have known of the condition. Without any evidence to support this element of a premises liability claim, Olds cannot prevail.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Marmaxx's Motion for Summary Judgment (Document No. 16) is **GRANTED**. The Court further

**ORDERS** that Defendant Marmaxx Operating Corp. is dismissed from the lawsuit.

SIGNED at Houston, Texas, on this **26** day of July, 2013.

_____
DAVID HITTNER
United States District Judge